CALEB OLDHAM v. M. M. PRICE, ETC.

**Principal and Surety—Co-Surety—Contribution—Action for—Necessary Allegations.**

There is neither allegation nor proof in this case showing the insolvency of the principal or that he has failed to pay the money to appellant. A surety has no right to recover of his co-surety in the event the principal is solvent. A suit cannot be maintained by one surety against a co-surety without this allegation.

**Pleadings—Amendments—Cost.**

Where the allegations of a petition do not state a cause of action the plaintiff should be required to pay all the cost, on reversal of the case, before he should be allowed to amend.

APPEAL FROM ESTILL CIRCUIT COURT.

January 20, 1872.

AFFIRMED ON ORIGINAL AND REVERSED ON CROSS APPEAL.

Wesley White was the statutory guardian of Mary Jane Dillingham, and as such gave bond as required by law with Caleb Oldham, Morton M. Price, Simpson Patty and Benjamin O. Moore, his sureties. The appellant Oldham filed the present petition in equity alleging that judgment was obtained against himself and his co-sureties on this guardian bond for the sum of $7,000—that Benjamin Moore, one of the sureties, removed from Kentucky to Missouri, where he died, leaving property and without ever having paid any part of that judgment, and that one-half of the judgment had been paid by him, Oldham—he makes the heirs of Moore defendants to this action, alleging that they own property in Kentucky and that they would receive by descent from the estate of their father in Missouri property of much more value than he was compelled to contribute, and was liable for on the guardian bond of White. His other co-sureties were made defendants and the appellant also asks that they be compelled to contribute what he has had to pay for his co-surety Moore in the event Moore's estate is insolvent. Upon the hearing of the cause the court below adjudged that the heirs of Moore were not liable and rendered a judgment against Price, one of the sureties, requiring him to contribute. Oldham, not being satisfied with the judgment, appeals to this court. There is neither allegation or proof in this case showing the insolvency of White, the guardian, or that he has failed to pay the money to appellant. The appellant has no right to recover of his co-sureties in the event the principal is solvent and able to pay. A suit cannot be maintained by one surety against a co-surety without this allegation. The judgment is affirmed on the original and reversed on the cross appeal of Price with directions to the court below to allow the appellant to amend his petition as to Price and upon his failure to do so to dismiss the petition. The appellant in the event he amends his petition should be required to pay all the costs up to the filing of the amendment.

*Burnam, for appellant.*

*Lilly, W. B. Smith, for appellees.*